UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ARMANDO RODRIGUEZ, | Case No.: 26-CV-64 JLS (VET) |
| Plaintiff, | **ORDER:** |
| v. | **(1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendants. | **(2) SCREENING COMPLAINT** |
| | (ECF Nos. 1, 2). |

Presently before the Court are Plaintiff Jose Armando Rodriguez's Complaint ("Compl.," ECF No. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Appl.," ECF No. 2). Having carefully considered Plaintiff's Complaint and the law, the Court **GRANTS** Plaintiff's IFP Application.

/ / /

/ / /

/ / /

/ / /

1

26-CV-64 JLS (VET)

## *IN FORMA PAUPERIS* APPLICATION

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405.[1] 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1).

Section 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion.  *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by*, 506 U.S. 194 (1993).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).  "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960).  "Nevertheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The additional $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*.  *Id.*

26-CV-64 JLS (VET)

In Plaintiff's IFP Application, Plaintiff states that his monthly income is $570.00—from food stamps and help from family. IFP App. at 2. Plaintiff lists no assets, employer, or savings and states his monthly expenses total $570.00. *See generally id.* The Court is satisfied that Plaintiff has adequately demonstrated that paying the $405 filing fee would result in his inability to afford the necessities of life. Accordingly, the Court **GRANTS** Plaintiff's IFP Application.

### SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

Because Plaintiff seeks to proceed IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (per curiam) (holding "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). Under this statute, the Court *sua sponte* must dismiss a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from immune defendants. *See Lopez*, 203 F.3d at 1126–27. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Social Security appeals are not exempt from the 28 U.S.C. § 1915(e) screening requirement. *See Christian M. v. Bisignano*, No. 26-CV-411-DEB, 2026 WL 447422, at *1 (S.D. Cal. Feb. 17, 2026) (citation omitted). Rule 2 of the Federal Rule of Civil

3

Procedure's Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) ("Rule 2") require a complaint to:

> (A) state that the action is brought under § 405(g);
> (B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision;
> (C) state the name and the county of residence of the person for whom benefits are claimed;
> (D) name the person on whose wage record benefits are claimed; and
> (E) state the type of benefits claimed.

Fed. R. Civ. P. Supp. SS Rule 2(b)(1)(A)–(E).  Rule 2(b)(2) also states that a complaint "must include a short and plain statement of the grounds for relief."

Here, Plaintiff's Complaint satisfies Rule 2(b)'s pleading requirements.  Plaintiff states that the action is brought under 42 U.S.C. § 405(g) to "review a decision of the Commissioner of Social Security denying Plaintiff's application for Supplemental Security Income benefits for lack of disability." Compl. at 1.  The Complaint also lists that Plaintiff is a resident of San Diego, San Diego County, California, and identifies the Plaintiff by name and Social Security Number. *Id.* at 2.  The Complaint alleges that Plaintiff was denied Supplemental Security Income benefits based on his alleged disability of schizophrenia. *Id.*  Therefore, the Court is satisfied that Plaintiff's Complaint satisfies the pleading requirements of Rule 2.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

26-CV-64 JLS (VET)

## CONCLUSION

In light of the above, the Court **GRANTS** Plaintiff's IFP Application (ECF No. 2). In accordance with Rule 3 of the Supplemental Rules, and this District's General Order 747, a notice of electronic filing shall be transmitted to the Social Security Administration's Office of General Counsel and to the United States Attorney's Southern District of California office in lieu of service of a summons. No further action is needed to affect service of the Complaint, as the Clerk's Office has already transmitted the notice of electronic filing of the Complaint to Defendant. *See* ECF No. 4 ("The Notice of Electronic Filing of the complaint sent by the court to the Commissioner suffices for service of the complaint. The Plaintiff need not serve a summons and complaint under Civil Rule 4.").

**IT IS SO ORDERED.**

Dated: March 19, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-64 JLS (VET)