UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE R.,[1]<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | Case No.: 26-CV-64 JLS (VET)<br>**ORDER AFFIRMING DECISION OF THE COMMISSIONER** |

Plaintiff Jose R. ("Plaintiff") filed a Complaint ("Compl.," ECF No. 1) pursuant to 42 U.S.C. § 405(g), which seeks judicial review of a decision by Defendant Commissioner of the Social Security Administration ("Defendant" or the "Commissioner"), who denied Plaintiff's application for disability insurance benefits. Plaintiff filed a Brief ("Pl. Brief" ECF No. 12), and Defendant filed a responsive Brief ("Def. Brief.," ECF No. 15). Plaintiff also filed a Reply ("Reply," ECF No. 16). Having carefully considered the Parties' arguments and the law, the Court **AFFIRMS** the Commissioner's final decision.

/ / /

[1] Partially redacted in accordance with Civil Local Rule 7.1(e)(6)(b).

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff suffers from schizophrenia. Administrative Record ("AR," ECF No. 8) at 26.[2] He has been hospitalized on numerous occasions. Pl. Brief at 3; AR 316, 318, 605–06. Although he has worked stocking products in grocery stores, AR 46–53, he was unable to maintain full-time employment, AR 54. He applied for Supplemental Security Income and was denied both initially and upon reconsideration. Pl. Brief at 1.

At a hearing, Plaintiff and a vocational expert ("VE") testified. AR 40–66. The administrative law judge ("ALJ") found that Plaintiff had not been disabled since his application date. *Id.* 21–35. The Appeals Council denied Plaintiff's request for review, making the ALJ's ruling the final decision. *Id.* 1–2.

## SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ followed the Social Security Administration's ("SSA) five-step sequential evaluation process for determining whether an individual is disabled. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citing 20 C.F.R. §§ 404.1520(a), 416.920(a)); *see generally* AR 21–35.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of May 11, 2022. AR 26. At step two, the ALJ found that Plaintiff had schizophrenia as a severe impairment. *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in the Commissioner's Listing of Impairments. *Id.* 26–28. However, in doing so, the ALJ determined that Plaintiff had a moderate limitation on his ability to "concentrate, persist, or maintain pace." *Id.* 27.

Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b). AR 24–34. Although the

---

[2] In citing to page numbers within the Administrative Record, the Court will refer to the consecutive page numbers Bates stamped in the lower right corner of each page.

ALJ determined Plaintiff was not physically limited, he had some mental limitations. *Id.* 28. The ALJ found that Plaintiff "can understand, remember, and carry out simple instruction; can tolerate occasional interaction with coworkers and supervisors; cannot tolerate interaction with the general public; can tolerate occasional changes in the workplace; and can avoid hazards in the workplace." *Id.*

In arriving at this determination, the ALJ noted that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." *Id.* 29. The ALJ considered Plaintiff's medical history prior to the alleged onset date, including two psychiatric hospitalizations with one suicide attempt. *Id.* ALJ found that Plaintiff's mental impairments did not support a greater limitation because his treatment was intermittent during the period at issue, mental status exams were mostly unremarkable, and Plaintiff was able to take care of his personal care needs. *Id.*

At step four, the ALJ determined Plaintiff had no past relevant work. AR 34. At step five, the ALJ accepted the VE's assessment that a hypothetical person with Plaintiff's vocational profile could make a successful adjustment to other work that existed in significant numbers in the national economy. *Id.* 34–35. Namely, the VE, and consequently the ALJ, concluded that Plaintiff would be able to perform the vocational requirements of groundskeeper, janitor, or auto detailer. *Id.* 34. Accordingly, the ALJ found that Plaintiff was not disabled. *Id.* 35.

## LEGAL STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This means "more than a mere scintilla" of evidence but less than a preponderance. *Richardson*, 402 U.S. at 401; *Desrosiers v. Sec'y of Health & Hum. Servs.*,

846 F.2d 573, 575–76 (9th Cir. 1988). This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529–30 (9th Cir. 1986).

In general, where an ALJ and a plaintiff disagree on an interpretation of the medical record, the ALJ's opinion controls so long as the ALJ gives sufficient reasoning to justify his opinion. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld," *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002), but the ALJ's findings "must be supported by a specific, cogent reason," *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). A court can only set aside an ALJ's finding if "it is not supported by substantial evidence or if it is based on legal error." *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005); *cf. Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) ("The Secretary's decision to deny benefits will be disturbed only if it is not supported by substantial evidence or it is based on legal error.") (internal quotation marks and citations omitted).

## ANALYSIS

The Parties disagree as to whether the ALJ adequately accounted for Plaintiff's moderate impairment in concentration, persistence, and pace when determining the RFC. Plaintiff argues that a limitation to "understand, remember, and carry out simple instructions" does not encompass such impairments. Pl. Brief at 9–10. In opposition, Defendant argues the ALJ's determination should be upheld because it does not conflict with moderate mental limitations. Def. Brief at 1.

A hypothetical question posed to a vocational expert must "include all of the claimant's functional limitations, both physical and mental." *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir.1995); 20 C.F.R. §§ 404.1545, 416.945. However, the ALJ may translate limitations noted in medical evidence when incorporating them into the residual functional capacity determination. *See, e.g., Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) ("The ALJ took into account Turner's 'marked limitations in social functioning' by 'limiting [him] to work in which there is no public contact, and where it is recognized

that he works best alone.'") (quoting the record); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) ("The ALJ translated Stubbs–Danielson's condition, including the pace and mental limitations, into the only concrete restrictions available to him—Dr. Eather's recommended restriction to 'simple tasks.'").

"[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." *Stubbs-Danielson*, 539 F.3d at 1174 (citing first *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001)) (finding no error where state psychologist both identified claimant as having deficiencies of concentration, persistence or pace and pronounced claimant possessed the ability to "sustain sufficient concentration and attention to perform at least simple, repetitive, and routine cognitive activity without severe restriction of function") and then *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001)).

In *Stubbs-Danielson*, the Ninth Circuit relied on the medical testimony in the record to explain why the plaintiff's deficiency in pace was consistent with the ability to complete simple, routine work. 539 F.3d at 1173 ("Dr. Eather's report, which also identified 'a slow pace, both in thinking & actions' and several moderate limitations in other mental areas, ultimately concluded [plaintiff] retained the ability to 'carry out simple tasks as evidenced by her ability to do housework, shopping, work on hobbies, cooking and reading.'").

Here, an agency psychological consultant, Dr. Rivera-Miya, opined that "[t]he claimant is able to maintain concentration, persistence and pace throughout a normal workday/workweek as related to simple/unskilled tasks." AR 93. Although the ALJ found this opinion "partially unpersuasive," this was only regarding "the characterization of limiting the claimant to performing simple 1–2 step tasks." AR 32. Accordingly, based on a review of the record, the Court concludes the ALJ's RFC finding was supported by substantial evidence, that is, the limitations identified by Dr. Rivera-Miya and others, including those related to concentration, persistence, and pace.

Without explanation or medical evidence, a limitation to following simple instructions may not adequately encompass a moderate impairment in concentration,

persistence, and pace. *Brink v. Comm'r of Soc. Sec.*, 343 Fed. App'x 211, 212 (9th Cir. 2009). It is evident that simple tasks like "assembly-line work" "might well require extensive focus or speed." *Id.* But, when there is adequate medical evidentiary support for the ALJ's RFC, given the moderate limitations in concentration, persistence, and pace, *Stubbs-Danielson* controls and the ALJ does not err. *Jamie Allen W. v. O'Malley*, 2024 WL 1465924, at *6 (D. Idaho Apr. 4, 2024) ("[The reviewing psychologists] found that Petitioner maintained the ability to perform simple, routine work despite having moderate limitations in concentration, persistence, and pace.").

## CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Commissioner's final decision. **IT IS HEREBY ORDERED** that judgment be entered in favor of the Commissioner and against Plaintiff. The Clerk of Court is directed to close this action.

**IT IS SO ORDERED.**

Dated: November 23, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge